UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL OBIER and SUSAN OBIER,
his spouse,

    Plaintiffs,

v.                                                        CASE NO: 8:11-cv-1573-T-26TBM

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Partial Motion to Dismiss. (Dkt. 15).[1] After careful consideration of the allegations of the amended complaint, the motion, and the applicable law, the Court concludes that the motion should be granted.

Plaintiffs, husband and wife, filed this suit under the Federal Tort Claims Act (the FTCA) in connection with Paul Obier's fall after a chair collapsed in the lobby of a Social Security Administration office. (Dkt. 2). The amended complaint seeks damages in Count I for Paul Obier's personal injuries and in Count II for his wife's loss for his services, companionship, and consortium. The Government argues that the wife's claim

---

[1] The Court has waited the allotted time for a response from Plaintiffs. See Local Rule 3.01(b) Based on the clear, facial attack to the amended complaint, the Court proceeds to resolve the motion without the need for a response.

must be dismissed for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a). Specifically, Form SF-95, exhibit A to the original complaint,[2] identifies Paul Obier as the sole claimant and contains only Paul Obier's signature. Nowhere on the form does Susan Obier's name or signature appear.

The requirement in § 2675(a) of "first present[ing] the claim to the appropriate Federal agency" is jurisdictional, and the failure to properly present the claim prohibits judicial review. See Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006) (holding that the FTCA provides only a limited waiver of sovereign immunity of the United States for tort claims). "[T]he district court lacks subject matter jurisdiction over prematurely filed suits." Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) (citing McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993)). Mrs. Obier's failure to be named as a claimant and to have signed the claim prevents judicial review of her claim for loss of consortium. See Brown v. United States, 838 F.2d 1157, 1161 n. 9 (11th Cir. 1988) (citing Walker v. United States, 471 F.Supp. 38, 42 (M.D. Fla. 1978) (husband's administrative claim did not satisfy the filing requirement for his wife's personal injury claim for loss of consortium), aff'd, 597 F.2d 770 (5th Cir. 1979). This Court, lacking subject matter jurisdiction to hear Mrs. Obier's claim, must dismiss Count II of the amended complaint.

---

[2] Exhibit A is missing from the amended complaint. (Dkt. 2).

It is therefore **ORDERED AND ADJUDGED** that Defendant's Partial Motion to Dismiss (Dkt. 15) is **GRANTED**. Count II of the amended complaint is dismissed. This case shall proceed on Count I only.

**DONE AND ORDERED** at Tampa, Florida, on January 8, 2012.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record